[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 1, 1996, a jury rendered a defendant's verdict in this medical malpractice action. On November 13, 1996, the court, Sferrazza, J., entered a judgment for the defendant as a result of that verdict. On December 16, 1996, the defendant submitted a bill of costs. On January 13, 1997, the plaintiff filed an objection to the defendant's bill of costs. Although this objection was belatedly filed, under P.B. § 412, the defendant has chosen to waive that defect.
Pursuant to § 412, the clerk, on February 13, 1997, conducted a hearing on the objections to the bill of costs. The plaintiff contends that:
 1. No costs are taxable because the defendant received a discharge in bankruptcy for any debt arising from this lawsuit.
 2. No costs are taxable because the defendant never listed costs as an asset of the bankruptcy estate.
 3. Fees for an anatomical chart which was an exhibit at trial were unconfirmed and unnecessary.
 4. Witness fees for a defense, medical expert were excessive because they included preparation time.
On April 29, 1997, the clerk agreed with the plaintiff's last claim and taxed witness fees for that expert of $750 rather than the $2,000 originally claimed in the bill of costs. As to the remaining objections, the clerk taxed costs as requested in the bill of costs for a total taxation of $2,606.38. On May 2, 1997, the plaintiff moved, under § 412, for court review of this taxation of costs. The defendant made no similar request. The court affirms the clerk's determination of costs. CT Page 5139
 A
The plaintiff has proffered no case law supporting the proposition that a bankruptcy debtor, whose potential debt under a lawsuit has been discharged, cannot collect costs if he prevails in that action. The court discerns no basis in logic or public policy for the adoption of such a rule. No windfall, in the form of immunity from otherwise taxable costs, ought to accrue to a losing litigant simply because his victorious opponent is bankrupt and could not have been held financially liable if the suit turned out differently.
 B
The plaintiff also failed to submit any case law endorsing its position that only the bankruptcy trustee could collect costs for this litigation because the defendant omitted listing these costs as an asset of the bankruptcy estate.
First, the court questions the plaintiff's standing to raise this claim as a bar to taxation of costs. Perhaps, the bankruptcy trustee or a creditor of the defendant might assert a claim to such funds, but the court fails to see why this omission entitles the plaintiff to claim exemption from taxation of costs which are otherwise owed. The plaintiff is not aggrieved if the defendant fails to use these funds to enhance the bankruptcy estate. Second, the "asset," i.e. taxable costs, came into existence only after the entering of the judgment in favor of the defendant on November 13, 1996. There is no proof that a bankrupt estate existed on that date or during the trial to which this "asset" might be added. Third, under the U.S. Bankruptcy Court order of June 23, 1995, the plaintiff was specifically permitted to continue this action against the defendant "with recovery limited to . . . any insurance available". The defendant's insurance carrier successfully defended this action. Presumably, any costs taxed and collected ultimately belong to the insurance company who incurred such costs in defending the suit. It is highly unlikely such funds would constitute an asset available to the bankruptcy trustee. See 5 Collier on Bankruptcy (15th Ed.Rev. 1997) § 553.03[3][ii].
 C
With respect to the exhibit fees for the anatomical chart, this exhibit was reasonably necessary for the defense. The CT Page 5140 exhibit aided the jury in understanding the various methods and tests available to the defendant to ascertain the source of possible internal bleeding peculiar to three areas of the human torso. The documentation and information provided by the defendant to the clerk sufficiently confirmed the reasonable costs of the exhibit. For these reasons, the court confirms the clerk's taxation of costs.
Sferrazza, J.